1
2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND JUDICIAL DIVISION

3
4
5
6
7

In re K12 INC. SECURITIES LITIGATION

Master File No. 4:16-cv-04069-PJH

Honorable Phyllis J. Hamilton

8
9
10
11

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a consolidated class action is pending in this Court entitled *In re K12 Inc. Sec. Litig.*, Master File No. 4:16-cv-04069-PJH (the "Action");

12
13
14
15
16
17
18
19
20

WHEREAS, (a) Lead Plaintiff Babulal Tarapara, on behalf of himself and the Settlement Class (defined below), (b) Defendant K12 Inc. ("K12"), and (c) Defendants Nathaniel A. Davis ("Davis") and James J. Rhyu ("Rhyu") (the "Individual Defendants," and, together with K12, the "Defendants") have entered into a Stipulation and Agreement of Settlement dated November 26, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims, both known and unknown, that have been or could have been asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

21
22

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

23
24
25
26
27
28

WHEREAS, by Order dated February 14, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed

Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on July 10, 2019 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on November 26, 2018; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on November 26, 2018.

3.      **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil

Procedure on behalf of the Settlement Class consisting of all Persons[1] who or which purchased or otherwise acquired K12 Securities[2] between October 10, 2013 and October 27, 2015, inclusive (the "Settlement Class Period"), and were damaged thereby.  Excluded from the Settlement Class are K12, Nathaniel A. Davis, James J. Rhyu, the Officers and directors of K12 at all relevant times, as well as members of their Immediate Families and their legal representatives, heirs, successors, or assigns any entity in which Defendants have or had a controlling interest; any trust of which Nathaniel A. Davis and/or James J. Rhyu is the settlor or which is for the benefit of their Immediate Family members; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as the Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice: (a) were implemented in

---

[1] "Person" or "Persons" means an individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

[2] "K12 Securities" means K12 common stock publicly traded on the New York Stock Exchange ("NYSE").

accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.   **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.   The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the

Stipulation.

8.   **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9.   **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)   Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and all other Plaintiffs' Released Parties, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Released Parties.  This release shall not apply to any Excluded Claim (as that term is defined in paragraph 1(q) of the Stipulation).

(b)   Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and all other Defendants' Released Parties, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claims against Lead Plaintiff and the other Plaintiffs' Released Parties, and shall forever be barred and enjoined from

prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Released Parties.

10.     Notwithstanding paragraphs 9(a)–(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or any other of Plaintiffs' Released Parties, or the validity of any claim that was or could have been asserted against any of the Defendants' Released Parties, or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind with respect to any of the Defendants' Released Parties, or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Released Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties that any of their claims are without merit, that any of the Defendants' Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Released Parties and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.     **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction, for a period of five (5) years, over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14.     Separate orders shall be entered regarding approval of a plan of allocation and the

motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of September 10, 2018, as provided in the Stipulation.

16.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this __10th__ day of ____July_____, 2019.

_____
The H_____J. Hamilton
Un_____s District Judge

JUDGMENT APPROVING CLASS ACTION SETTLEMENT